# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD KNAAK,

              Plaintiff,

v.

OPTIO SOLUTIONS LLC,

              Defendant.

Case No. 19-CV-1036-JPS

**ORDER**

## 1.     INTRODUCTION

Plaintiff filed this class action on July 18, 2019. (Docket #1). He sues Defendant for sending him, and members of the putative class, allegedly misleading debt collection letters. Plaintiff brings claims under various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. §§ 427.101 *et seq*. Defendant filed a partial motion to dismiss certain of Plaintiff's claims on October 16, 2019. (Docket #11). That motion is now fully briefed. (Response, Docket #13; Reply, Docket #15). For the reasons stated below, the motion must be denied.

## 2.     STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). That Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in his favor[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480– 81 (7th Cir. 2016) (citation omitted). To state a viable claim, a complaint

must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted).

In addition to the FRCP 12(b)(6) standard of review, the Seventh Circuit has provided further direction in evaluating the viability of FDCPA claims. Such claims are assessed from the perspective of the "unsophisticated consumer." An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). Although unsophisticated consumers "may tend to read collection letters literally, [they] do[] not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Protection Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citations and quotations omitted). In the case of letter-based FDCPA violations, the court considers whether the subject letter is "confusing to a significant fraction of the population." *Id.* (quotation omitted).

To prove a claim that language in a collection letter is misleading or deceptive, the Court of Appeals has established three categories of cases:

> The first category includes cases in which the challenged language is "plainly and clearly not misleading." No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. *Lox*[, 689 F.3d at 822]. The second *Lox* category "includes debt collection language that is

> not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* In such cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth* [*v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)]. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the plaintiff to prevail. *Id.*

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). Defendant's motion to dismiss necessarily implies that it believes Plaintiff's FDCPA claims fall into the first category. The Seventh Circuit "ha[s] cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quotation omitted).

### 3. RELEVANT FACTS

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in his favor, the relevant facts are as follows. Plaintiff allegedly owed a debt through a Kohl's store-branded credit card. Defendant was hired to collect the balance due on the account. Defendant sent Plaintiff a letter seeking payment on September 7, 2018 (the "Letter"). The Letter states, in pertinent part:

| ACCOUNT SUMMARY | | PAYMENT OPTIONS |
|---|---|---|
| Original Creditor: | Chase Bank N.A. | **Website** |
| Creditor: | Capital One N.A. | www.payQCS.com |
| RE Your Kohl's Credit Card Account #: | ******7122 | **Pay By Phone** |
| Agency Account #: | ▉9284 | (844) 598-5454 |
| Principal: | $1,628.06 | **Mail** |
| Fees: | $249.00 | PO Box 4699 |
| Interest: | $271.24 | Petaluma, CA 94955 |
| Balance Due: | $2,148.30 | (Please use the payment coupon |
| Settlement Amount: | $1,074.15 | and return envelope provided) |

09/07/2018

Dear RICHARD KNAAK:

SETTLEMENT OFFER

Your account has been assigned to our agency for collection. The creditor to whom the debt is owed is Capital One N.A..

We are willing to settle your account for 50% of the balance due. Once your payment in the amount of $1,074.15 is received and clears, your account will be closed and collection efforts will cease. This offer will expire 45 days from the date of this letter. We are not obligated to renew this offer. Our request for payment does not affect your rights as set forth below.

(Docket #1-1 at 2). Plaintiff's claims in this case relate to the "Fees" and "Interest" portions of the account summary. To that end, Plaintiff also attached to his complaint a billing statement he received from Kohl's in late 2016, which states that he had accrued $210 in fees and $381.15 in interest in the year 2016. (Docket #1-2 at 2).

4. ANALYSIS

Plaintiff presents three claims for relief. First, he contends that the Letter falsely implies that the debt would accrue interest or fees, when Defendant was not assessing such charges or even entitled to collect them. (Docket #1 at 13). This allegedly violates 15 U.S.C. § 1692e, which prohibits the use of false or misleading representations in the collection of a debt. Second, Plaintiff asserts that this same conduct violates the WCA, Section 427.104. *Id.* at 14. Third, Plaintiff states that by offering an "interest" balance which was less than that described in the Kohl's billing statement, the Letter again violated Section 1692e by mispresenting the amount of the debt. *Id.*

Defendant attacks only the first and second claims, making three arguments for their dismissal.[1] First, Defendant asserts that the Letter does not necessarily imply that fees and interest are accruing merely because the Letter itemizes the debt. It is true that the Letter does not affirmatively state anywhere that fees and interest are accruing. But an unsophisticated consumer *could* infer that the itemization of those charges means that the amounts may change over time. *See Tykle v. Diversified Adjustment Serv., Inc.*, No. 14-CV-748-NJ, 2014 WL 5465173, at *3 (E.D. Wis. Oct. 28, 2014) (holding that the statement "[t]he above balance due includes a Verizon Wireless Collection Fee of $0.00," may be subject several possible interpretations, one of which is that a collection fee *may* be imposed in the future); *Bruchhauser et al. v. Client Services, Inc.*, No. 17-CV-860-LA, (Docket #14 at 3-4) (E.D. Wis. Nov. 7, 2017) (similar); *Driver v. LJ Ross Assoc., Inc.*, No. 3:18-CV-00220-MPB-RLY, 2019 WL 4060098, at *3-4 (S.D. Ind. Aug. 28, 2019) (similar).[2]

The Letter becomes misleading because the parties agree that the debt was static and would not, in fact, ever increase. Defendant complains that in itemizing the debt, it was doing what had been suggested by the Court of Appeals in *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004). Defendant paints *Fields* with too broad a brush. In that case, the debtor originally owed just over $100, but after it was sent to a collection attorney, the balance ballooned to almost $400 with attorneys' fees and

---

[1]Defendant focuses all of its efforts on the FDCPA claim and offers no independent argument for dismissal of the WCA claim. The Court will, therefore, address them below with distinction.

[2]Defendant suggests that the Letter is distinguishable from these citations because it stated an actual balance owed for fees and interest, as opposed to a zero balance. This does not help its position at all, however. The existence of some fees and interest only reinforces the inference that more could accrue in the future.

accruing interest. *Id.* at 563. The court found that it the subject collection letter was misleading because it failed to explain the huge increase in the amount of the debt. *Id.* at 566. The court observed that "[o]ne simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt." *Id.* Unlike *Fields*, the debt here was static, and so itemization would only open up avenues for confusion, not close them. *Fields* falls far short of blessing the *carte blanche* use of itemization for collection letters, and certainly not for static debts.

Admittedly, Plaintiff's view is just one reasonable way to interpret the Letter. One could also agree with Defendant's assessment. This means that a jury must be called upon to determine which is the correct interpretation, and ultimately whether the Letter is misleading. *Lox*, 689 F.3d at 822 ("[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact."). In other words, Defendant has not convinced the Court that the Letter is so "plainly and clearly not misleading" that it should take the matter out of the jury's hands. *Janetos*, 825 F.3d at 322-23.[3]

Defendant's second argument is that Plaintiff's reading of the Letter is bizarre and idiosyncratic, meaning that it does not warrant the imposition of FDCPA liability. The Court disagrees. It is has already determined that Plaintiff's interpretation is one of a number of reasonable assessments of the

---

[3]Defendant points to contrary authority from the Second Circuit, including *Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75 (2d Cir. 2019), but that circuit holds that the misleading nature of a collection letter is an issue of law, *Lautman v. 2800 Coyle Street Owners Corp.*, No. 14-CV-1868 (ARR)(VVP), 2014 WL 4843947, at *10 (E.D.N.Y. Sept. 26, 2014).

Letter's text. Defendant makes the following additional assertion on this issue:

> Even the unsophisticated consumer has "a reasonable knowledge of her account's history." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). Therefore, in the absence of any language indicating or implying that Defendant was applying the fees, the unsophisticated consumer would read the word "Fees" in the context of the late fees that the unsophisticated consumer incurred from the creditor. The least sophisticated consumer would also understand that the interest listed in the letter refers to the interest that accrued on the debt while the debt was placed with the creditor. This is confirmed by the attached billing statements, which shows that Plaintiff would know that the debt incurred interest and fees from the original creditor and could compare the billing statements to the letter received from Defendant. In this case, Plaintiff should not only be aware of h[is] account history but is in actual possession of the billing statements showing the breakdown of the debt. The itemization provided in the letter simply provides Plaintiff with this information and allows the Plaintiff to match that information with h[is] own records, including the billing statements that she received from the creditor.

(Docket #11 at 8-9). This position makes no sense to the Court. An unsophisticated consumer reading the Letter would have no idea who had applied the fees and interest stated therein; the Letter does not offer an explanation on that point. Further, any reference to the billing statement would only increase the debtor's confusion. The amounts in the billing statement are *different* than those in the Letter, so the purported "matching" between the Letter and the statements would be fruitless. Indeed, this endeavor would likely lead the debtor to believe that the fees and interest in the Letter are entirely separate from those referenced in the billing statement.

Defendant's final argument for dismissal is that it included some "safe-harbor" language, approved by the Second Circuit in *Avila v. Riexinger & Assoc., LLC*, 817 F.3d 72, (2nd Cir. 2016), which immunizes the Letter from confusion-based claims such as those presented by Plaintiff. However, *Avila* is distinguishable for the same reason as *Fields*: the debt here is static. *Avila* addressed a debt that was accruing interest, where the collection letter stated only the "current balance." *Id.* at 74. The court held that, in this scenario, a collector could avoid liability for failing to accurately state the amount of the debt "if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Id.* at 77.

The confusion at issue in *Avila* was whether a dynamic debt was accruing interest when the collection letter was silent on the matter. In this case, the confusion is whether a static debt was *not* accruing fees or interest, where the Letter at least implies that this may be true. The *Avila*-inspired paragraph in the Letter, which begins with "[w]e are willing to settle your account," does nothing to address the deception complained-of by Plaintiff. The paragraph says nothing about fees or interest at all.[4]

5. **CONCLUSION**

---

[4] Indeed, the paragraph could supply an inference negative to Defendant. By stating that Defendant would accept a certain amount, and placing a deadline on the settlement offer, the Letter might imply that the balance would increase if the offer is not accepted. This observation is yet more evidence that the dispute in this case is one for a jury to decide as a matter of fact, as opposed to the Court as a matter of law.

In light of the foregoing, the Court must deny Defendant's motion to dismiss in its entirety.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge